# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**JOSEPHINE LOUELLA WASHINGTON,**

    **Plaintiff,**

v.                                                                    Case No. 2:16-cv-10195

**MELISSA GILLESPIE, MELISSA SHEPHARD,
MEGHAN GOFREDA, ANNE STACKLIN, AMY BOOTH,
SANDRA WILKERSON, STEPHANIE BROWN,
TIMMICA TOLLIVER, ERICA GARCIA-PALMER,
LADELLA BLAIR, JOHN LOPEZ, KAREN BOWLING,
AMY L. PAXTON, SAMUEL MARSH, JASON LORD,
MICHAEL CARY, SANDRA EVANS, REBECCA JOHNSON,
TOD KAUFMAN, ARIELLA SILBERMAN, HOME BASE INC.,
LAVERNA VICKERS, NICCOLE EVANS, JESSICA PINSON,
KANAWHA COUNTY SHERIFF'S OFFICE,
KANAWHA COUNTY BOARD OF EDUCATION,
CEDAR GROVE ELEMENTARY SCHOOL, KELLY MORRIS,
RUTH ADKINS, and WEST VIRGINIA DEPARTMENT OF
HEALTH AND HUMAN RESOURCES,**

    **Defendants.**

## **PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is the plaintiff's Complaint and Request for Injunction (ECF No. 2) and Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

## RELEVANT FACTUAL BACKGROUND AND CLAIMS FOR RELIEF

The plaintiff's Complaint asserts claims arising out of proceedings in the Circuit Court of Kanawha County that led to the termination of her parental rights to three children on April 1, 2015.[1] The plaintiff appealed the decision of the Circuit Court to the Supreme Court of Appeals of West Virginia (the "SCAWV") on May 1, 2015, and the SCAWV affirmed the decision of the Circuit Court on November 23, 2015. *In re: S.B. E.B.-1, and E.B.-2,*, No. 15-0408 (W. Va. Nov. 23, 2015).

The Complaint states that the jurisdictional basis for her Complaint is 42 U.S.C. § 1983, and that the defendants violated her federal constitutional rights as follows:

> 5th Amendment rights: denied attendance at hearing; tried to threaten loved ones, make fraudulent promises and coercive questioning to obtain a confession; tried to use own testimony against me; convicted without using court procedure to ensure fair trial; ignored legally relevant facts; denied new counsel and I am indigent; denied request to proceed pro se; ineffective assistance of counsel; irreconcilable differences arose and denied new counsel;
>
> 6th Amendment rights: denied counsel and I am indigent; irreconcilable differences arose and denied new counsel; ineffective assistance of counsel; denied request to proceed pro se; denied right to a speedy trial; prosecution admitted hearsay against me and it didn't qualify as one of the exceptions;

---

[1] The plaintiff filed a virtually identical complaint on a different form, "Complaint for Violation of Civil Rights," which has been separately docketed in Case No. 2:16-cv-10191.

2

>denied a fair, impartial jury trial; the evidence was insufficient to sustain a guilty verdict; judge was biased; witnesses for the prosecution lied on the stand;
>
>14th Amendment rights: witnesses identified me after CPS had suggested; prosecution denied me evidence discovery even though requested; was unable to have an expert witness; was convicted under unconstitutional statute.

(ECF No. 2 at 2, 10-11). The Complaint further alleges the following facts in support of his claims:

>The teacher's aid[e] neglected a handicapped child which caused him bodily injury. She then proceed[ed] to lie and WV DHHR CPS removed my children over her lies. Then there was a closed court proceeding where all of my rights along with my children's rights were violated. The judge and the court wouldn't listen to any relevant evidence and would not allow me to have a new attorney when asked. The court terminated my parental rights without any evidence and based on hearsay. I have contacted numerous officials in charge of these agencies and no one will help me or tell me who can. My children and I are suffering from this forced separation and are not adjusting well.

(ECF No. 2 at 5). The Complaint further asserts that the plaintiff and her children have suffered emotional and psychological damage caused by their forced separation. (*Id.*) The Complaint seeks the following relief:

>Plaintiff request[s] the court to grant custody of her three minor children; reverse the termination of her parental rights; have defendants paid punitive damages for the emotional and psychological abuse of the plaintiff and her minor children; investigate the defendants other actions in similar cases and hold wrongdoers accountable for their actions or inactions; hold the individuals accountable criminally and civilly for their actions and inactions in the forced separation of the Plaintiff and three minor children; award Plaintiff court costs and other monetary damages that is seen fit; and any other relief that the court deems necessary.

(*Id.*)

For the reasons stated below, this United States District Court lacks subject matter jurisdiction over the plaintiff's claims and this matter is subject to summary dismissal under Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## ANALYSIS

### A. The Complaint is barred by the *Rooker-Feldman* Doctrine.

Among other forms of relief, the Complaint requests that this federal court reinstate her parental rights, grant her full custody of her three minor children, and remove her name from the child abuse and neglect registry, which would require the reversal of decisions made by the Circuit Court of Kanawha County, which were upheld on appeal to the SCAWV. The Supreme Court made clear in *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), that "federal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'" *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 196-98 (4th Cir. 2002) (quoting *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997)); *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997) (*Rooker-Feldman* applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court"). More recently, the Supreme Court reiterated that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff is essentially challenging state court decisions and that this court's review of that decision amounts to an appeal therefrom, which is barred by the *Rooker-Feldman* doctrine. Accordingly, it is respectfully **RECOMMENDED** that the presiding District

Judge dismiss the plaintiff's Complaint for lack of jurisdiction under the *Rooker-Feldman* doctrine.

### C. This court cannot grant mandamus relief against state officials.

The Complaint also essentially seeks mandamus relief directed to the defendants to return custody of the petitioner's children to her. Title 28, United States Code, Section 1361, provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff. [Emphasis added.]

A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina,* 551 F.2d 559, 562 (4th Cir. 1977).

To the extent that the petitioner could even identify any clear and indisputable duty owed to her by the defendants, many of whom are state officials or employees, a federal writ of mandamus will not lie to compel a state officer to perform a duty owed to a petitioner. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that there is no jurisdiction for this United States District Court to issue a writ of mandamus directed to the defendants herein.

### C. Domestic Relations Exception.

Even if the plaintiff could overcome the other barriers to pursuing this petition, the "domestic relations exception" to federal jurisdiction, as defined in *Barber v. Barber*, 62 U.S. 582 (1858), and *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), applies to her claims. (Id. at 3-4). In *Ankenbrandt*, the Supreme Court held:

5

> We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees.
>
> * * *
>
> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and the deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

504 U.S. at 703-704.

The plaintiff seeks an order reversing the state courts and restoring her parental and custodial rights to her three children, which is exactly the type of claim intended to be barred under the domestic relations exception. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the claims for relief in the plaintiff's petition fall within the domestic relations exception to federal jurisdiction and, thus, this court lacks jurisdiction to consider her claims.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint for Violation of Civil Rights (ECF No. 2) under Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, and **DENY AS MOOT** her Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff.

July 2, 2018

Dwane L. Tinsley
United States Magistrate Judge